On writ of certiorari (335 U, S. 857) to review a judgment of the Court of Claims holding, upon the evidence adduced, that the Government made a valid contract with the plaintiff (respondent) and that plaintiff was entitled to recover damages as for a breach of contract, where on February 23, 1943, the Navy Department, after negotiations, mailed to the plaintiff a writing, which purported to be a final award of a contract pursuant to plaintiff’s proposal, and which was received by plaintiff in the forenoon of February 24; and where, later, on the 24th, plaintiff received a telegram from the Department saying that the award had been forwarded in error and should be returned for cancellation. The Court of Claims awarded plaintiff, as a jury verdict, damages amounting to 4% of the gross contract price, or $80,000.
The judgment of the Court of Claims was reversed by the Supreme Court in an opinion delivered by Mr. Justice Burton holding that the findings of fact made by the Court of Claims *692 were not sufficient to sustain its judgment requiring the United States to pay for the loss of anticipated profits alleged to have been caused by the Government’s cancellation of the contract for gun mounts for the Navy. The opinion of the Supreme Court stated:
The question presented is whether the findings of fact made by the Court of Claims are sufficient to sustain its judgment requiring the United States to pay for such loss. We hold that they are not. We so hold because of (1) the absence of any finding of the readiness and capacity of the respondent to perform certain of its contractual obligations upon which its profits were contingent and (2) the presence of certain affirmative findings which preclude the drawing of any sufficient inference of such readiness and capacity from the other findings.
The cause was remanded with direction to enter judgment in favor of the United States.
Mr. Justice Reed and Mr. Justice Jackson concurred in the reversal and dissented from the order to enter judgment in favor of the United States, stating that in their opinion respondent should have an opportunity to meet the stated requirements of proof.